**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                CASE NO.    4:01cr58-SPM/AK

CHRISTOPHER BERNARD OWENS,

     Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court for consideration of the magistrate judge's report and recommendation dated February 28, 2006 (doc. 74). Defendant has been furnished a copy of the report and recommendation and filed objections (doc. 75) and a supplement (doc. 76), which the Court has reviewed. Pursuant to Title 28, United States Code, Section 636(b)(1), I find that the report and recommendation is correct and should be adopted by the Court. Each objection is addressed below.

    **1.**    **Search Warrant**

Contrary to Defendant's arguments, the search warrant sufficiently establishes the reliability of the confidential informant. Law enforcement officers observed the confidential informant make multiple controlled buys, which corroborates the information provided by the confidential informant. Thus even if

Defendant's attorney had filed a motion to suppress, the motion to suppress would have been denied.

### 2. Proof of Drug Type

Defendant admitted to selling crack cocaine when he entered his guilty plea. (doc. 19). In light of the admission, Defendant's attorney was not ineffective for failing to challenge the drug type at sentencing. Defendant, moreover, provides no indication that the drugs were not in fact crack cocaine, and therefore has not established prejudice.

### 3. Apprendi

Defendant argues that his right to have a jury determine drug type and quantity was violated. Defendant, however, waived his right to jury trial when he entered his guilty plea, at which time he admitted to selling crack cocaine in sufficient quantities to support the mandatory life sentence imposed. No ineffective assistance of counsel has been demonstrated as to this issue.

### 4. Service of 851 Notice

Defendant argues that the Government's Information and Notice of Intent (doc. 5) to seek an enhanced sentence was invalid because it was hand delivered to the Assistant Public Defender at the initial appearance. The exact timing and method of service did not affect the validity of the Information and Notice of Intent, since it had been filed and served before entry of Defendant's guilty plea as required under 21 U.S.C. § 851(a)(1). The claim is without legal

merit.

### 5. Signature on 851 Notice.

Defendant argues that the Government's Information and Notice of Intent (doc. 5) to seek an enhanced sentence was invalid because it was signed by the Assistant United States Attorney as opposed to the United States Attorney himself. The signing of the Information and Notice of Intent was within the powers conferred to the Assistant United States Attorney. United States v. Hawthorne, 235 F.3d 400, 404 (8th Cir. 2000). The claim is without legal merit.

### 6. 851 Sentencing Procedure

Defendant complains that the Court failed to comply with the sentencing procedures of 21 U.S.C. § 851(b). This claim should have been raised on direct appeal, but nevertheless does not entitle Defendant to relief because he cannot demonstrate reversible error.

When Defendant entered his guilty plea, he admitted that he had the convictions. Defendant did not deny the convictions or claim that they were invalid, as required under 21 U.S.C. § 851(c). Even now, Defendant has not made any substantiated argument that he does not actually have the convictions; nor can he make a valid challenge to two of the qualifying prior convictions because they are more than 5 years old. 21 U.S.C. § 851(e). Because Defendant has not demonstrated prejudice, relief as to this ground will be denied. United States v. Weaver, 905 F.2d 1466, 1481-82 (11th Cir. 1990).

### 7. Promise of Substantial Assistance Motion

Defendant complains that his attorney erroneously advised that the Government would be filing a substantial assistance motion on Defendant's behalf. This claim is refuted by statements Defendant made when he entered his guilty plea, whereby Defendant acknowledged that no promises had been made to him other than what was in the written plea agreement. Doc. 47, pp. 17-19.

### 8. § 2255 Challenge to Prior Conviction

Defendant argues that he should be allowed to challenge his prior state convictions, as provided in Daniels v. Untied States, 532 U.S. 374, 383-84 (2001). The circumstances of Defendant's case, however, do not fall within the rare exception recognized in Daniels. Nevertheless, even if Defendant's case fit within the framework of Daniels, given the age of two of his qualifying convictions he would be precluded under 21 U.S.C. § 851(e) from challenging the validity of the convictions as a basis for sentencing enhancement.

### 9. Request to Supplement with Booker and Apprendi Claims

Defendant seeks to amend his petition to include claims based on Booker[1] and Apprendi[2]. Neither Apprendi nor Booker apply retroactively to cases on collateral review. Valera v. United States, 400 F.3d 864, 867-68 (11th Cir. 2005). Furthermore, they do not invalidate sentencing enhancements for prior

---

[1] United States v. Booker, 543 U.S. 220 (2005).

[2] Apprendi v. New Jersey, 530 U.S. 466 (2000).

convictions.  <u>United States v. Gallegos-Aguero</u>, 409 F.3d 1274, 1276 (11th Cir. 2005).  Accordingly, Defendant's request to amend his petition will be denied.

Based on the foregoing, it is hereby ORDERED as follows:

1. The magistrate judge's report and recommendation (doc. 74) is ADOPTED and incorporated by reference in this order.

2. Defendant's motions to vacate, set aside, or correct sentence (docs. 64 and 68) are denied.

3. Defendant's motion to amend (doc. 76) is denied.

4. The Court certifies that Defendant has failed to make a substantial showing of the denial of constitutional right.  Therefore, no certificate of appealability will be issued.

DONE AND ORDERED this 26th day of September, 2006.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge